IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

EVELYN MAYS,                )
                            )
                            )
         Plaintiff,         )
                            )
vs.                         )    Case No. 1:09-CV-24-SA-DAS
                            )
MICHAEL J. ASTRUE,          )
COMMISSIONER OF             )
SOCIAL SECURITY,            )
                            )
         Defendant.         )

### **ORDER OF REVERSAL AND REMAND**

Before the court is the second motion of Michael J. Astrue, the Commissioner of the Social Security Administration, for an order reversing this case under sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (# 16). The court denied the defendant's first motion to remand this case on the ground that there was essentially no new evidence for the Commissioner to consider on the issue of whether the claimant had engaged in substantial gainful activity during 2003 and that the record was sufficient for this court to make a determination on the issue. The defendant now reasserts the motion, acknowledging that his decision on the claimant's applications was not supported by substantial evidence. The claimant has failed to timely respond to the instant motion.

The court, having given due consideration to the matter, is of the opinion that the case should be remanded to the Commissioner for further consideration of the claimant's claims.

THEREFORE, IT IS ORDERED:

That pursuant to the power of this court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), this court hereby reverses the Commissioner's decision and remands the claimant's claim for further development of the record.

The ALJ found that claimant was engaged in substantial gainful activity during 2003, pointing out that her earnings record for that year reflected more than $12,000 in earnings. However, at the hearing the claimant testified those earnings were the result of a disability insurance policy. Additionally, the claimant subsequently submitted documentation of insurance payments that appear to account for the $12,000 in earnings. On remand, the Commissioner should either find that claimant was not engaged in substantial gainful activity, or explain why he found the claimant not credible regarding her claim that the earnings were derived from an insurance policy.

Further, in light of the Commissioner's acknowledgment that his decision was not supported by substantial evidence and his request that the case be remanded for further consideration of "other issues related to the claimant's claim that she was disabled," the Commissioner must also:

1. Further evaluate the claimant's alleged illiteracy and determine if Medical Vocational Rule 201.17 as of her 45th birthday on November 29, 2002 should be applied;

2

2. Further evaluate whether the claimant's condition met or medically equaled Listing 12.05 C; and

3. Evaluate the treating source opinion and, if necessary, provide good reasons for the weight given the opinion pursuant to 20 C.F.R. Sections 404.1527(d)(2) and 416.927(d)(2).  The ALJ should re-contact the treating source for clarification or for additional information, if necessary.

The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this the 8th day of October, 2009.

/s/ David A. Sanders  
UNITED STATES MAGISTRATE JUDGE